IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, #154215-0930, ) | C/A No.: 1:15-1717-MGL-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| The State of South Carolina; Attorney ) | |
| General Alan Wilson; and The 13th ) | |
| Judicial Circuit Solicitor W. Walter ) | |
| Wilkins, ) | |
| ) | |
| Respondents. ) | |

Dean Alton Holcomb ("Petitioner"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC"). He filed this action seeking the issuance of a writ of mandamus against the State of South Carolina, Attorney General Alan Wilson, and the 13th Judicial Circuit Solicitor W. Walter Wilkins ("Respondents"). [ECF No. 1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Petitioner filed this petition for writ of mandamus seeking a speedy trial arguing that he is entitled to a speedy trial "as a matter of law and right" under the United States and South Carolina constitutions. [ECF No. 1 at 2–6]. Petitioner alleges that he has five pending felony charges and states that he would like the opportunity to prove his innocence. *Id.* at 7. Petitioner claims that he is being held without bond in the GCDC and alleges that his attorney refuses to file a writ of habeas corpus on his behalf. *Id.* Petitioner states that his "attempts to have a habeas corpus hearing[] have been denied at both the state and federal levels, both without a hearing." *Id.* Petitioner alleges that he was charged with his first felony on April 16, 2013, and that "the other four are directly related." *Id.* Petitioner claims that he has made numerous requests for a fast and speedy trial, "all to no avail." *Id.* Petitioner states that although Solicitor Harrison stated at Petitioner's initial appearance that Petitioner was scheduled for trial in September 2013, Petitioner claims that his five felony charges are still pending. *Id.* Petitioner argues that he is suffering irreparable harm as a result of the State's disregard of his rights. *Id.* Petitioner requests that this court order "[t]he State of South Carolina to schedule a trial for the 2 year charge to commence within 30 days and the other charges within 60 days or to drop the charges with prejudice, unless this court deems the proper and just thing is order the dismissal of all charges and [Petitioner's] immediate release." *Id.* at 10.

II.     Discussion

    A.     Standard of Review

Petitioner filed this petition pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the pleading lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the Petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 nn.2–4 (4th Cir. 1969).

Petitioner asks the court to compel action by the State of South Carolina, and employees of the South Carolina Attorney General's Office (Alan Wilson) and the Thirteenth Circuit Solicitor's Office (W. Walter Wilkins). [ECF No. 1]. However, this court lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief against the State of South Carolina, its officials, or entities. *See In re Ridgway*, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. April 18, 1995) ("This Court will not direct the action of state actors through mandamus.").

Even if the court had jurisdiction under the statutes, the relief Petitioner seeks is not available. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d

4

881, 903 (4th Cir. 1996).   The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted).  From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states that he is currently detained on felony charges. Therefore, an ongoing state criminal proceeding exists, satisfying the first part of the test.  The second part of the test is met, as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"  *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Petitioner can pursue his claims in state court both during and after the disposition of his criminal charge.  As Petitioner fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, *see Younger*,

5

401 U.S. at 43–44, Plaintiff's requested relief is unavailable from this court at this time. Accordingly, this case is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the petition without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 30, 2015                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).